# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFERY KANNALY, | ) | 3:07-CV-00115-HDM (RAM) |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| BILL DONAT, et al., | ) | |
| Defendants. | ) | |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendants' Motion for Summary Judgment (Doc. #12). Plaintiff opposed the motion (Doc. #16) and Defendants replied (Doc. #18). Also before the court is Plaintiff's Cross Motion for Summary Judgment (Doc. #16). Defendants opposed the motion (Doc. #18) and Plaintiff did not reply.

The court has thoroughly reviewed the pleadings and the record and recommends granting Defendants' motion for summary judgment and denying Plaintiff's cross-motion for summary judgment.

///
///
///
///
///

## I. BACKGROUND

Plaintiff is a prisoner at Northern Nevada Correctional Center (NNCC) in Carson City, Nevada in the custody of the Nevada Department of Corrections (NDOC) (Doc. #6). At the time of the facts giving rise to Plaintiff's complaint, he was a prisoner at Nevada State Prison (NSP) (*Id.*). Plaintiff brings his compliant pursuant to 42 U.S.C. § 1983, alleging prison officials violated his Eighth Amendment right against cruel and unusual punishment (*Id.* at 4-5). Plaintiff also brings his compliant pursuant to 42 U.S.C. §§ 1981, 1985 and 1986 against Defendant Donat.

Plaintiff asserts Defendants knowingly and willfully housed smoking inmates in the same housing area as non-smoking inmates (*Id.* at 3). Plaintiff alleges he was subjected to dangerous levels of second-hand smoke for approximately three (3) months, which caused Plaintiff uncontrollable coughing and irritability and caused tension among his neighbors (*Id.*). Plaintiff further alleges he was tortured and discriminated against (*Id.*).

Plaintiff's Complaint asserts the following causes of action: (1) violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment against Defendant Donat, alleging he issued a memo phasing out non-smoking tiers due to a need for "Ethnic Balancing" and housed smokers around Plaintiff while also closing windows on the tier; (2) violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment against Defendant Donat and Defendant Walsh for forcing Plaintiff to endure torture, coughing, waking up at all hours, headaches, nausea and burning eyes due to second-hand smoke for approximately three (3) months; and (3) violation of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, alleging Defendant Donat made drastic and unnecessary changes at NSP causing a murder, a near-death beating, a near riot and causing officers to form a picket line in front of the prison (*Id.* at 4-6). Plaintiff alleges said changes were done out of "spite" and caused Plaintiff to fear for his safety (*Id.* at 6).

Plaintiff requests relief in the form of $900,000 for pain and suffering and for future medical costs (*Id.* at 9).

## II.  STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Liberty Lobby*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual

3

disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

### III.  DISCUSSION
### (CROSS MOTIONS FOR SUMMARY JUDGMENT)

Defendants request summary judgment on each of Plaintiff's claims asserting there are no genuine issues of material fact in dispute (Doc. #12). Specifically, Defendants assert the following arguments: 1) Plaintiff has suffered no physical injury as required under 42 U.S.C. § 1997e(e); 2) Plaintiff failed to exhaust his administrative remedies with regard to Count III; 3) the Eleventh Amendment bars suit against state officers in the official capacities; 4) state officials acting in their official capacities are not persons subject to liability under § 1983; and 5) Plaintiff has provided no evidence that he was exposed to levels of second-hand smoke that pose an unreasonable risk of serious damage to his future health (*Id.*).

Plaintiff responds that NDOC violated NRS 202.2491 when Defendant Donat created and/or expanded a smoking area at NSP (Doc. #16 at 9). Plaintiff also argues that he suffers from chronic high blood pressure, acid reflux disease and a "heart mur-mur", which create a serious medical need and Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established right and he suffers potential future harm, as well as a present injury due to Defendants' deliberate indifference to his existing medical needs (*Id.* at 11-18). Plaintiff asserts there is no dispute that second-hand smoke creates health concerns and people suffering chronic ailments need to be free from areas where smoke hovers (*Id.* at 19). Finally, Plaintiff asserts Defendants acted with deliberate indifference by refusing to investigate his complaints of exposure to second-hand smoke through inmate grievances (*Id.* at 20).

Defendants reply that Plaintiff has provided no affidavits or evidence setting forth specific facts showing any genuine issues of material fact exist and, thus, Plaintiff's cross-motion for summary judgment should be denied (Doc. #18).

## A. **Failure to Exhaust Administrative Remedies (Count III)**

The Ninth Circuit has held that the failure to exhaust administrative remedies under the PLRA should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert denied by Alameida v. Wyatt*, 540 U.S. 810 (2003). The Ninth Circuit reasoned that "[s]ummary judgment is on the merits," whereas "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Id*. In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id*.[1] And, if the district court concludes that the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal of the claim without prejudice. *Id*. at 1120. Thus, this Report and Recommendation treats Defendants' request for summary judgment on Count III for failure to exhaust administrative remedies as a request to dismiss Count III without prejudice. Furthermore, because exhaustion is mandatory; the district court is left with no discretion and must treat Defendants' request as such without deciding Count III on the merits. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement is

---

[1] The Ninth Circuit notes that if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust-a procedure closely analogous to summary judgment-then the court must assure that Plaintiff has fair notice of his opportunity to develop a record. *Wyatt*, 315 F.3d at 1120, n14.

5

an affirmative defense that must be raised and proved by the defendant. *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). As previously stated, exhaustion is mandatory; the district court is left with no discretion. *Woodford*, 548 U.S. at 85.

Prisoners must exhaust all "available" remedies. *Id.* Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but, rather, the PLRA requires "proper exhaustion." *Id.* at 93. "Proper exhaustion" is defined as "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 2385 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). This district court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": 1) the "merits test", which is satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and 2) the "compliance test", which is satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendant must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

In Count III, Plaintiff alleges Defendant Donat violated his civil rights by making drastic and unnecessary changes at NSP out of "spite." (Doc. #6 at 6). Plaintiff further alleges Defendant Donat's actions caused a murder, a near-death beating and a near riot, and even caused officers to picket in front of the prison (Doc. #6 at 6). The record shows Plaintiff failed to file any grievances related to Defendant Donat's "drastic and unnecessary changes." Thus, Defendants have shown that Plaintiff failed to meet both the merits and compliance tests as required under the PLRA.

Accordingly, Defendants' request to dismiss Count III without prejudice should be **GRANTED**. Plaintiff's request for summary judgment on Count III should be **DENIED**.

## B. Eighth Amendment Right Against Cruel and Unusual Punishment (Counts I and II)

The next inquiry must be whether there was, in fact, a violation of Plaintiff's constitutional rights. This issue is dispositive of Plaintiff's remaining claims (Counts I and II) and if this question is answered negatively, the court must grant summary judgment on the merits without the need to consider Defendants' remaining arguments. Accordingly, the court will next address this issue.

The Ninth Circuit has held that "it is cruel and unusual punishment [under the Eighth Amendment] to house a prisoner in an environment that exposes him to environmental tobacco smoke ('ETS') at such levels and under such circumstances that it poses an unreasonable risk of harm to his health." *See McKinney v. Anderson*, 959 F.2d 853, 853 (9th Cir. 1992), aff'd *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Under the Eighth Amendment, where inmates challenge prison conditions such as this one, the Supreme Court has applied a "deliberate indifference" standard. In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court determined that deliberate indifference to a prisoner's serious medical needs constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once proscribed." *Estelle*, 429 U.S. at 104-105. Deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. *Id*. at 105.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). A showing of medical malpractice or negligence is insufficient to establish a violation under the Eighth Amendment. *Id*. Instead, Plaintiff must meet two (2) requirements in order to show Defendants acted deliberately indifferent to his serious medical needs. First, Plaintiff must show, as an objective matter, that Defendants' actions rise to the level of a "sufficiently serious" deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see*

1  *also, Rhodes v. Chapman*, 452 U.S. 337, 345-346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298
2  (1991). Second, as a subjective matter, Plaintiff must show Defendants had a "sufficiently
3  culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, Plaintiff must show
4  Defendants knew he faced a substantial risk of harm and disregarded that risk by failing to
5  take reasonable measures to abate it either by their actions or inactions. *Id.* at 837. Plaintiff
6  need not show Defendants acted or failed to act believing that harm actually would befall him;
7  it is enough that Defendants acted or failed to act despite having knowledge of a substantial
8  risk of serious harm. *Farmer*, 511 U.S. at 842.

Under these facts, Plaintiff has failed to meet the objective component of the deliberate indifference standard as he has not shown a "sufficiently serious" deprivation. "With respect to the objective factor, [Plaintiff] must show that he himself is being exposed to *unreasonably high levels of ETS.*" *Helling*, 509 U.S. at 35 (emphasis added). Viewing the facts in the light most favorable to Plaintiff, the record indicates Plaintiff was exposed to *some level* of ETS for approximately three (3) months; however, Plaintiff has not shown the level of exposure was unreasonably high where he was only exposed for a period of three (3) months and suffered no smoking-related ailments. In addition, Plaintiff is no longer housed at NSP on a tier with smoking inmates and, as of January 1, 2007, smoking is prohibited in "any building or office space within the Nevada Department of Corrections." Administrative Regulation (AR) 115.01.1 (effective January 1, 2007) (enacted pursuant to recently enacted provisions of the Nevada Revised Statutes and the Nevada Clean Indoor Air Act).

In *Helling*, the Supreme Court found it plainly relevant to the objective component determination that the Plaintiff had been moved from one NDOC facility to another and was no longer the cellmate of a five-pack-a-day smoker. *Helling*, 508 U.S. at 35-36. The Supreme Court also found it relevant that the director of Nevada State Prisons adopted a formal smoking policy restricting smoking to certain designated areas. *Id.* at 36. The Supreme Court reasoned that "[i]t is possible that the new policy will be administered in a way that will minimize the risk to [plaintiff] and make it impossible for him to prove that he will be exposed

to unreasonable risk with respect to his future health or that he is now entitled to an injunction." *Helling*, 508 U.S. at 36. The Supreme Court also found "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

Here, the record shows Plaintiff was not housed with a smoking cellmate during the relevant dates, but was rather housed on a tier with other inmates who smoked. Although Plaintiff is a non-smoker and preferred to be housed on a non-smoking tier, the record indicates Defendant Donat, as Warden of NSP, phased out the non-smoking tiers due to housing needs and restrictions (Doc. #16, Exh. C). While housed on a tier with smoking inmates for approximately two (2) to three (3) months, Plaintiff was never diagnosed with any smoking-related ailments. No prison doctor opined or recommended that Plaintiff needed to be housed with non-smokers and there was no classification in Plaintiff's medical records requiring a smoke-free cell, much less a smoke-free tier. Plaintiff asserts he requested to be classified as a "medical non-smoker"; however, Plaintiff has provided no evidence of a medical reason for such a classification other than his own testimony that he suffers from high blood pressure, a heart mur-mur, and acid reflux disease and exposure to ETS exacerbates his symptoms. Even assuming Plaintiff suffers from these medical conditions, Plaintiff has failed to provide any evidence that any of these conditions were worsened by his exposure to ETS.

The record further indicates Plaintiff did not seek any medical treatment for a smoking-related ailment while he was housed on a smoking tier. In fact, Plaintiff sought no medical treatment whatsoever related to exposure to ETS during his entire incarceration until after filing the instant action (Doc. #12, Exh A). Plaintiff contends his failure to seek immediate medical care does not mean his symptoms did not exist or that he will not suffer some long

term effect (Doc. #16 at 15). However, Plaintiff's failure to seek medical treatment while he was being exposed to ETS, let alone immediate medical care, does show his alleged deprivation was not "sufficiently serious" to result in the denial of "minimal civilized measures of life's necessities." *Wilson*, 501 U.S. at 298. It further supports the inference that Defendants were unaware of facts from which they could draw an inference that there was a substantial risk of harm to Plaintiff's health in housing Plaintiff on a tier where smoking was permitted. Thus, Plaintiff has also failed to meet the subjective component of the deliberate indifference standard in showing Defendants had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834.

Under these facts, Plaintiff has failed to raise a triable issue as to whether the levels of ETS on his tier at NSP were unreasonable or whether Defendants knowingly and unreasonably disregarded a substantial risk of harm to Plaintiff due to ETS exposure. *Helling v. McKinney*, 509 U.S. 25, 34-35 (1993). Furthermore, AR 115, which now prohibits smoking in any building or office space within NDOC, certainly minimizes the risk to Plaintiff and Plaintiff has failed to prove that he will be exposed to unreasonable risk with respect to his future health. *Helling*, 508 U.S. at 36. Accordingly, Defendants' request for summary judgment on Count II and Count III should be **GRANTED**. Plaintiff's request for summary judgment on Count II and Count III should be **DENIED**.

Because the court must grant summary judgment in favor of Defendants on the merits, the court need not consider Defendants' or Plaintiff's remaining arguments.

///
///
///
///
///
///
///

10

**RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #12).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Cross Motion for Summary Judgment (Doc. #16).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: July 2, 2008.

_____
UNITED STATES MAGISTRATE JUDGE